IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED W. HINMAN, #Y53702,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-02610-JPG |
| ) | |
| **PULASKI COUNTY DETENTION** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jared Hinman, an inmate at Pulaski County Detention Center ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Jail. (Doc. 1). In the Complaint, Plaintiff claims that Jail officials invited other inmates to assault him with feces and urine while he was locked in a shower cage. *Id*. at 6. He seeks "legal action" to "hold accountable parties responsible for the illegal acts." *Id*. at 7. However, Plaintiff failed to name a single person as a defendant. *Id*.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): On or around July 22, 2021, Plaintiff was placed in a locked cage with an open meal slot. A female officer/lieutenant informed inmates of the charges pending against Plaintiff, and Officers Mix and Petino then instructed the "informed inmates" to "have fun" with Plaintiff. For an hour, the "informed inmates" threw feces and urine at him. The female officer/lieutenant observed the entire incident from the control room. *Id*.

Plaintiff claims that all three officers facilitated his assault, someone named "Perry" provided the wrong inmate names to an investigator afterwards, and State's Attorney Lisa Casper refused to press charges against anyone. Plaintiff names Pulaski County Detention Center as the "overall responsible" party. *Id*.

## Discussion

Based on the allegations in the *pro se* Complaint, the Court designates a single count:

**Count 1:** Eighth or Fourteenth Amendment claim[1] against Defendant for taking affirmative steps to instigate the attack of Plaintiff at the Jail on or around July 22, 2021.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Pulaski County Detention Center is the only defendant named in this action, and the Jail is not a "person" within the meaning of 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even a legal entity. According to Rule 17 of the Federal Rules of Civil Procedure, a

---

[1] The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or a convicted prisoner when his claims arose, and he did not disclose this information in the Complaint.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

defendant must have the legal capacity to be sued.  *See* FED. R. CIV. P. 17(b).  Federal courts look to state law when determining whether an entity has this capacity.  *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992).  The county jail is not considered a suable entity under Illinois law.  *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019).  For this reason, the Jail shall be dismissed with prejudice.

Plaintiff's allegations focus on non-parties.  (Doc. 1, p. 6).  In the statement of his claim, he refers to the following individuals who were involved in his assault on or around July 22, 2021: (a) female officer/lieutenant; (b) Officer Mix; (c) Officer Petino; (d) Perry; and (e) State's Attorney Lisa Casper.  None of these individuals are named as defendants.  When parties are not listed in the caption of the Complaint, this Court will not treat them as defendants.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").  Any claims against these non-parties should be considered dismissed without prejudice.

Count 1 does not survive screening under 28 U.S.C. § 1915A, and it shall be dismissed without prejudice.  Because no other claims remain, the Complaint shall also be dismissed.  If Plaintiff would like to pursue his claim(s) in this action, he may file an amended complaint according to the deadline and instructions for doing so below.

### **Pending Motion**

Plaintiff's Motion to Amend/Correct Complaint (Doc. 7) is **DENIED**.  The Court does not accept piecemeal amendments to a complaint, and doing so here would make no difference to the outcome.

**Disposition**

The Complaint (Doc. 1), including Count 1, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendant **PULASKI COUNTY DETENTION CENTER** is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant **PULASKI COUNTY DETENTION CENTER** as a party in CM/ECF.

On or before **October 25, 2023**, Plaintiff is **GRANTED** leave to file an "Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should list the case number for this action (No. 23-cv-02610-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/27/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**