IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED W. HINMAN, #Y53702,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-cv-02610-JPG |
| ) | |
| **OFFICER PETINO,** ) | |
| **OFFICER MIX,** ) | |
| **OFFICER PERRY,** ) | |
| **PULASKI COUNTY SHERIFF'S** ) | |
| **OFFICE,** ) | |
| **PULASKI COUNTY,** ) | |
| **LISA CASPER,** ) | |
| **JORDAN EDWARDS,** ) | |
| **UNKNOWN CELLMATE, and** ) | |
| **UNKNOWN LIEUTENANT,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Now before the Court for preliminary review is Plaintiff Jared Hinman's First Amended Complaint filed October 11, 2023. (Doc. 11). Plaintiff is a former detainee at Pulaski County Detention Center ("Jail"), and he brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from his attack by other inmates at the Jail. He seeks unspecified "legal action" and money damages against the defendants. *Id.*

The First Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to filter out claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. § 1915A. At this stage, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## First Amended Complaint

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 11, p. 6): On July 22, 2023, Officers Mix and Petino placed Plaintiff in a locked shower cage and removed his restraints. An Unknown Lieutenant[1] spoke with Inmate Jordan Edwards and his Unknown Cellmate before Officer Mix told them to "have fun" with Plaintiff. For an hour, Inmate Edwards and the Unknown Cellmate threw feces and sprayed urine at Plaintiff through open meal slots. The Unknown Lieutenant observed the entire incident from the tower/bubble but took no steps to intervene and stop the attack. *Id*.

During an investigation into the incident by "ISP," Plaintiff provided the investigators with the specific cell number of a witness whose name was unknown at the time but later identified as Inmate Smith. In the meantime, Officer Perry identified this person as Inmate Simms, and State's Attorney Lisa Casper refused to press charges against anyone after the inmate's interview with ISP. *Id*.

## Preliminary Dismissals

Plaintiff sets forth no factual allegations against the following named defendants: Pulaski County Sheriff's Office and Pulaski County. Naming a defendant without describing that defendant's involvement in a constitutional deprivation is insufficient to state a claim. *See e.g., Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994) (a claim against a defendant is insufficient if the defendant is named, but there are no factual allegations describing that defendant's personal involvement). Any claim against the Pulaski County Sheriff's Office or Pulaski County is dismissed without prejudice.

---

[1] Plaintiff identifies this individual as an unknown female lieutenant who has a tattoo of a Roman legion helmet on her forearm. *Id*. at 6.

**Discussion**

The Court designates the following count in the *pro se* First Amended Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim[2] against Defendants for instigating an inmate attack on Plaintiff or failing to protect him from said attack on or around July 22, 2023.

**Any claim in the First Amended Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

The applicable legal standard for this claim hinges on Plaintiff's status as a pretrial detainee or a prisoner when his claim arose on July 22, 2023. A pretrial detainee's failure-to-protect claim is assessed under the Fourteenth Amendment, whereas a prisoner's claim is governed by the Eighth Amendment. *See e.g., Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (assessing a failure to protect claim by a pretrial detainee under the Fourteenth Amendment); *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018) (discussing the different legal standards applied to claims by convicted individuals versus pretrial detainees).

Plaintiff's allegations support a claim against Officer Mix, Officer Petino, and Unknown Lieutenant under both standards. All three individuals were involved in instigating the inmate attack or failing to intervene and stop the attack on Plaintiff. Count 1 shall proceed against Mix, Petino, and Unknown Lieutenant.

Section 1983 does not extend to disputes involving private citizens, like Inmate Edwards or the Unknown Cellmate. *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 831 (7th Cir. 2019) (citations omitted). Section 1983 authorizes claims against persons acting under color of state law at the time they violate the plaintiff's rights. 42 U.S.C. § 1983. Because neither of these

---

[2] The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or a convicted prisoner, and he did not disclose this information in the First Amended Complaint.

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

individuals was acting under color of state law within the meaning of § 1983, Count 1 shall be dismissed without prejudice against them.[4]

Count 1 shall also be dismissed against Officer Perry for naming the wrong person for an ISP interview.  Plaintiff does not allege that the defendant's conduct was knowing or intentional.  The allegations thus describe negligence, at most, in identifying "Inmate Smith" incorrectly as "Inmate Simms." (Doc. 11, p. 6).  However, negligence does not support a claim under the Eighth or Fourteenth Amendment.

Count 1 shall also be dismissed without prejudice against State's Attorney Lisa Casper.  This defendant allegedly failed to press charges against anyone after the wrong inmate (*i.e.*, Inmate Simms) was interviewed during the ISP investigation into Plaintiff's attack.  The Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages."  *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).  The allegations support no claim against the prosecuting attorney here.

### Identification of Unknown Defendant

Plaintiff will be allowed to proceed with Count 1 against Defendant Unknown Lieutenant, identified as a female with a tattoo of a Roman legion helmet on her forearm.  This defendant must be identified with particularity before service of the First Amended Complaint can be made on her, and Plaintiff will have the opportunity to engage in limited discovery to ascertain her identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Pulaski County Detention Center's Jail Administrator shall be added as a defendant, in an official capacity only, and assist in identifying the unknown defendant by name.  Once the name is discovered, Plaintiff

---

[4] Plaintiff has not named Inmate Smith or Inmate Simms as a defendant, and he brings no claim(s) against either individual.

shall file a motion to substitute the newly identified defendant in place of "Unknown Lieutenant" in the case caption and throughout the First Amended Complaint.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** survives against Defendant **OFFICER MIX, OFFICER PETINO**, and **UNKNOWN LIEUTENANT**, but **COUNT 1** is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

The Clerk of Court is **DIRECTED** to **ADD** the **PULASKI COUNTY DETENTION CENTER'S JAIL ADMINISTRATOR (official capacity only)** as a defendant and **TERMINATE** Defendants **PULASKI COUNTY, PULASKI COUNTY SHERIFF'S OFFICE, OFFICER PERRY, LISA CASPER, JORDAN EDWARDS,** and **UNKNOWN CELLMATE** as parties in CM/ECF.

The Clerk of Court is **DIRECTED** to prepare for Defendants **PULASKI COUNTY DETENTION CENTER'S JAIL ADMINISTRATOR (official capacity only), OFFICER MIX, OFFICER PETINO,** and **UNKNOWN LIEUTENANT (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.</u>**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of the action.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: 11/28/2023**  s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.