IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED W. HINMAN, #Y53702, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-02610-JPG |
| ) | |
| PULASKI COUNTY DETENTION ) | |
| CENTER, EMILIO PATINO, ) | |
| BLAKE MIX, PULASKI COUNTY, ) | |
| SCOTT SPURLOCK, and ) | |
| ARIANA GROVES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of Plaintiff Jared Hinman's Second Amended Complaint. (Doc. 32). Plaintiff is a former detainee at Pulaski County Detention Center (Jail). He brings this civil rights action under 42 U.S.C. § 1983 for constitutional deprivations stemming from an inmate attack at the Jail. Defendants allegedly instigated the attack by instructing inmates to "have fun" with Plaintiff while opening their meal slot doors. Plaintiff was then assaulted with urine and feces for an hour, prompting him to file this lawsuit.

The First Amended Complaint (Doc. 11) survived screening under 28 U.S.C. § 1915A on the following claim:

> **Count 1:** Eighth or Fourteenth Amendment claim against Officer Mix, Officer Petino, and Lieutenant Jane Doe for instigating an inmate attack on Plaintiff or failing to protect him from said attack on or around July 22, 2023.

(Doc. 13). In addition, the Court added Pulaski County Detention Center's Jail Administrator, in an official capacity, to help identify Lieutenant Jane Doe. *Id*. Plaintiff was given until

April 29, 2024, to identify the unknown defendant and file a motion to substitute the newly identified defendant in place of Lieutenant Jane Doe. (Docs. 21 and 31).

Instead, Plaintiff filed a proposed Second Amended Complaint (Doc. 32), along with a motion for leave to amend (Doc. 32-1). Plaintiff seeks to correct clerical mistakes noted in the parties' initial disclosures,[1] add three new defendants (Jail Administrator Scott Spurlock, Lieutenant Ariana Groves, and Pulaski County), and add exhibits. Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint, in this context, with written consent of the opposing parties or with leave of the Court, which is freely given when justice so requires. FED. R. CIV. P. 15(a)(2). The Court grants Plaintiff leave to amend here.

The Second Amended Complaint also survives review under 28 U.S.C. § 1915A on the following claim:

> **Count 1:**   Eighth or Fourteenth Amendment claim against Defendant Officer Mix, Officer Patino, and Lieutenant Groves for instigating an inmate attack on Plaintiff or failing to protect him from attack on or around July 22, 2021.

Ariana Groves will be added as a defendant. Plaintiff identified this individual, generically, as Lieutenant Jane Doe in his First Amended Complaint. He now identifies the same individual by first and last name as Lieutenant Ariana Groves, in compliance with the Court's Order to name her by April 29, 2024. (Doc. 31). Count 1 already survived screening against this individual, based on her role in instigating or failing to protect the plaintiff from the inmate attack. *See also* Doc. 32, p. 6. Plaintiff now alleges that Groves told his fellow inmates that Plaintiff is a child molester just before the attack and then watched from the tower as the inmates assaulted Plaintiff. *Id*. The new allegations provide additional support for the existing claim against this defendant. Plaintiff's request to add Groves is **GRANTED**, and the Clerk's Office is **DIRECTED** to **ADD**

---

[1] Among other things, Plaintiff corrected the date of the incident giving rise to his claim in Count 1 from July 22, 2023 to July 22, 2021, and the spelling of Defendant Emilio Petino's name to "Emilio Patino."

Defendant **ARIANA GROVES** as a defendant, in her individual capacity, and **TERMINATE** Lieutenant Jane Doe in CM/ECF.

Scott Spurlock will not be added as a defendant. The Court already named Pulaski County Detention Center's Jail Administrator, in an official capacity, to help identify Lieutenant Jane Doe in the First Amended Complaint. (Docs. 11 and 13). Plaintiff now clarifies that Scott Spurlock *is* the jail administrator, but he sets forth no allegations or claims against this person. Therefore, the only reason to add Jail Administrator Spurlock is to help identify Lieutenant Jane Doe, who he also identifies as Lieutenant Ariana Groves. Given that the unknown defendant is now known, Plaintiff's request to add Scott Spurlock is **DENIED**, and Pulaski County Detention Center's Jail Administrator (official capacity) is **DISMISSED without prejudice**.

Pulaski County will not be added as a defendant because Plaintiff articulates no claim against the county. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 698 (1978) (articulating standard for municipal liability under § 1983). He does not even mention the entity in the statement of his claim. Given this, Plaintiff's request to add Pulaski County as a defendant is **DENIED**.

Finally, the Second Amended Complaint states no other claims against the defendants. Plaintiff describes a fire outside of his cell and the denial of adequate nutrition. In both instances, he fails to identify a defendant in connection with his claims. Section 1983 liability is based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Unless a defendant caused or participated in a constitutional violation, liability does not attach. *Id*. Plaintiff must name the individuals who violated his constitutional rights as defendants in the case caption and also briefly describe what each defendant did to violate his rights in the statement of his claim. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is

entitled to relief). Having omitted all reference to the defendants in connection with the fire and nutrition claims, the Court finds that both claims must be dismissed without prejudice at screening.

## Disposition

Accordingly, Plaintiff's motion for leave to amend complaint (Doc. 32-1) is **GRANTED**. The Clerk's Office is **DIRECTED** to **RE-FILE** Doc. 32 as the Second Amended Complaint in CM/ECF.

The Second Amended Complaint survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **OFFICER MIX, OFFICER PATINO,** and **LIEUTENANT ARIANA GROVES.** All other proposed claims and defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A.

The Clerk is further **DIRECTED** to **ADD LIEUTENANT ARIANA GROVES** as a defendant in CM/ECF; **DISMISS LIEUTENANT JANE DOE** as a defendant in CM/ECF; **TERMINATE PULASKI COUNTY DETENTION CENTER'S JAIL ADMINISTRATOR (official capacity)** as a defendant in CM/ECF; and **SERVE** Defendant **GROVES** with this Order, the Second Amended Complaint (Doc. 32), and a copy of the Order for Service of Process (Doc. 13), in accordance with the instructions at Doc. 13.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in the original Order for Service of Process (Doc. 13) and this Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/25/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
