IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARED W. HINMAN, #Y53702, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-02610-JPG |
| | ) | |
| EMILIO PATINO, BLAKE MIX, | ) | |
| and ARIANA GROVES, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Judgment on the Pleadings (Doc. 42) filed by Defendants Emilio Patino, Blake Mix, and Ariana Groves. Defendants seek dismissal of the claim against them as time barred. Plaintiff opposes the motion.[1] (Docs. 47, 53). For the reasons set forth below, Defendants' Motion shall be **GRANTED** and this action **DISMISSED with prejudice**.

BACKGROUND

Plaintiff commenced this action by filing a Complaint under 42 U.S.C. § 1983 on July 28, 2023. (Doc. 1). The Complaint was signed on July 11, 2023 and mailed in an envelope postmarked July 26, 2023. *Id*. at 9. In the original Complaint, Plaintiff alleged that he was assaulted by inmates at Pulaski County Detention Center on July 22, 2021, and he named Pulaski

---

[1] In his Show Cause Response (Doc. 53), Plaintiff explains that he filed his response in opposition to the motion as a "Response to Answer to Second Amended Complaint" on August 19, 2024. (Doc. 47). Plaintiff's Responses at Docs. 47 and 53 are both unsigned, however, in violation of Rule 11 of the Federal Rules of Civil Procedure which provide that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

County Detention Center as the only defendant.  Plaintiff moved to amend the Complaint before it was screened under 28 U.S.C. § 1915A on August 28, 2023 (Doc. 7).

The Court dismissed the original Complaint for failing to state any claim for relief against Pulaski County Detention Center on September 27, 2023.  (Doc. 10).  The Court also denied Plaintiff's motion seeking leave to amend the Complaint in piecemeal fashion.  *Id*.  He was given additional time to file a proper amended complaint.  *Id*.

On October 11, 2024, Plaintiff filed a First Amended Complaint.  (Doc. 11).  He named Defendants Officer Petino (sic), Officer Mix, Officer Perry, Pulaski County Sheriff's Office, Pulaski County, Lisa Casper, an unknown lieutenant, Inmate Jordan Edwards, and an unknown cellmate for their respective roles in instigating the attack or failing to protect Plaintiff from the attack on July 22, 2023.  *Id*.  Following threshold review of the First Amended Complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with a claim (Count 1) against Officer Mix, Officer Petino (sic), and the Unknown Lieutenant for instigating the inmate attack or failing to protect Plaintiff from the attack in violation of the Eighth or Fourteenth Amendment.  (Doc. 13). The Court added Pulaski County Detention Center's Jail Administrator as a defendant to assist in identifying the unknown lieutenant, and dismissed all other defendants without prejudice.  *Id*.

The Clerk of Court prepared notices of this lawsuit and requests for waivers of service on November 28, 2023.  (Doc. 14).  Pulaski County Jail Administrator Scott Spurlock, Officer Mix, and Officer Patino returned executed waivers on January 9, 2024 (Doc. 19) and filed Answers on January 29, 2024 (Doc. 20).  The following day, the Court entered an Initial Scheduling Order (Doc. 21) setting a deadline of March 29, 2024 for filing a final motion to amend the complaint. At Plaintiff's request, the Court extended this deadline to April 29, 2024.  (Docs. 30-31).

Plaintiff filed a Second Amended Complaint on April 9, 2024. (Doc. 32). There, he added new defendants and corrected what he characterized as a "clerical error" in the date of the alleged assault, changing it from July 22, 2023 in the First Amended Complaint (Doc. 11) to July 22, 2021 in the Second Amended Complaint (Doc. 32). *Id*. The Court screened the Second Amended Complaint on July 25, 2024 and allowed Plaintiff to proceed with an Eighth or Fourteenth Amendment claim (Count 1) against Officer Mix, Officer Patino, and Lieutenant Groves for instigating the inmate attack on Plaintiff or failing to protect him from the attack on or around July 22, 2021. (Docs. 33, 34). All other defendants were dismissed. *Id*. The Clerk of Court sent a request for a waiver of service to newly added Defendant Ariana Groves on July 26, 2024 (Doc. 35), and she returned the executed waiver on August 2, 2024. (Doc. 36). All defendants filed Answers to the Second Amended Complaint raising the statute of limitations as an affirmative defense. (Docs. 36, 40).

### MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 42)

On August 5, 2024, Defendants moved for judgment on the pleadings and argued that Plaintiff's claim is barred by a two-year statute of limitations. (Doc. 42). According to the operative complaint, *i.e.*, Second Amended Complaint (Docs. 32, 34), Plaintiff was assaulted on July 22, 2021, and he filed the Second Amended Complaint more than two years later on April 9, 2024. (Doc. 42). Defendants argue that even if the Court looks back to the original Complaint, which lists the correct date of the assault, *i.e.*, July 22, 2021 (*see* Doc. 1, p. 6), Plaintiff's claim is still time-barred because he filed the original Complaint more than two years later, *i.e.*, on July 28, 2023, and did not name Officer Patino, Officer Mix, or Lieutenant Groves as defendants there. Either way, Defendants seek judgment on the pleadings under Rule 12(c) and dismissal of the action as being time barred.

## RESPONSE (DOC. 47)

In his unsigned Response, Plaintiff asks the Court to let him proceed with this claim against Defendants because he tried to file this action before the applicable statute of limitations expired. (Doc. 47). Plaintiff explains that he attempted to send the original Complaint from Shawnee Correctional Center (SCC) to the Court twice before it was actually mailed. He first sent the Complaint to the SCC Mailroom on June 3, 2023. However, this mail was returned to him as "requiring additional postage." *Id*. Plaintiff resubmitted it to a lieutenant with a payment voucher on an undisclosed date. He was placed on "no movement status" (lockdown) from June 1, 2023 to November 22, 2023. A receipt was returned to him at some point and marked "no additional postage required." *Id*. Because he attempted to bring suit on time, Plaintiff asks the Court to let him proceed here. *Id*.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed but early enough to cause no trial delay. *See* FED. R. CIV. P. 12(c) ("Rule 12(c)"); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). Rule 12(c) motions for judgment on the pleadings are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *See* FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)"); *Lodholtz v. York Risk Services Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive dismissal under both rules, a complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b) or (c) motion, the Court must accept well pleaded facts as true and draw all possible

inferences in favor of the plaintiff.  *Lodholtz*, 778 F.3d at 639.  Judgment on the pleadings is

warranted if the "facts are uncontested" and reveal that relief for the plaintiff is not plausible.

*Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012).

### ANALYSIS

Section 1983 contains no statute of limitations.  *See* 42 U.S.C. § 1983; *Ashafa v. City of*

*Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).  For claims brought under § 1983, the Court borrows

the statute of limitations for personal injury actions from the state where the alleged injury

occurred.  *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One*

*Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)).  Plaintiff's injury occurred in

Illinois, so the Court looks to Illinois state law for the applicable limitations period.  A two-year

statute of limitations applies to personal injury claims under Illinois law.  735 ILCS § 5/13-202;

*Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

Plaintiff was required to bring suit within two years of the injury that occurred on

July 22, 2021.  However, he filed this action more than two years later against Pulaski County

Detention Center by mailing the Complaint on July 26, 2023 for filing on July 28, 2023.  He first

named Officer Mix, Officer Petino (sic), and an Unknown Lieutenant in connection with a 2023

assault in the First Amended Complaint he filed October 11, 2023.  (Doc. 11).  Plaintiff eventually

named all three defendants in connection with the July 22, 2021 assault in a Second Amended

Complaint filed April 9, 2024.  (Doc. 32).

The Second Amended Complaint now controls.  When a plaintiff files an amended

complaint, it "supersedes the prior pleading."  *Duda v. Bd. of Educ. of Franklin Park Pub. Sch.*

*Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).  The amended complaint becomes the operative

complaint in the case.  All prior pleadings are "in effect withdrawn as to all matters not restated in

the amended pleading." *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961). The Second

Amended Complaint supersedes and replaces the First Amended Complaint (Doc. 11) and original

Complaint (Doc. 1), and it was filed well beyond the two-year limitations period.

In addition, the Second Amended Complaint is the only version that names all three

defendants and discloses the correct date of the assault. An amendment that adds a new party after

the statute of limitations expires is untimely and will be dismissed, unless it relates back to the

original complaint or the running of the statute of limitations is tolled. *See* FED. R. CIV. P. 15(c)(1);

*Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561-62 (7th Cir. 1996). Rule 15(c)(1)

describes those instances in which an amendment relates back to the date of the original pleading,

and this occurs when:

> . . . the amendment changes the party or the naming of the party against whom a
> claim is asserted, if Rule 15(c)(1)(B)[2] is satisfied and if, within the period provided
> by Rule 4(m) for service the summons and complaint, the party to be brought in by
> amendment (i) received such notice of the action that it will not be prejudiced in
> defending on the merits; and (ii) knew or should have known that the action would
> have been brought against it, but for a mistake concerning the proper party's
> identity.

FED. R. CIV. P. 15(c)(1)(C). The Seventh Circuit has interpreted Rule 15(c)(1) "to permit an

amendment to relate back to the original complaint only where 'there has been an error made

concerning the identity of the proper party and where the party is chargeable with knowledge of

the mistake.'" *King*, 201 F.3d at 914 (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th

Cir. 1998); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Woracheck*, 618

F.2d 1225, 1230 (7th Cir. 1980)).

---

[2] Rule 15(c)(1)(B) permits relation back when "the amendment asserts a claim or defense that arose out of
the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED.
R. CIV. P. 15(c)(1)(B).

Even if the Court assumes that the Second Amended Complaint relates back to the date of the original pleading, relation back does not save Plaintiff's claim because the original Complaint was still filed late.  Plaintiff mailed the original Complaint on July 26, 2023 for filing on July 28, 2023.  Both dates are more than two years after the assault occurred on July 21, 2021.

Plaintiff attempts to invoke the prison mailbox rule to save his claim.  *See* Doc. 47.  The rule provides that ". . . a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015).  According to his response, Plaintiff attempted to mail the original Complaint by sending it to the prison mailroom on June 3, 2023.  (Doc. 47).  Although it was returned for lack of adequate postage, Plaintiff resubmitted it to a lieutenant on an undisclosed date with a payment voucher.  Plaintiff later received a receipt marked "no additional postage required," and he asks the Court to accept the original Complaint as timely filed.  *Id*.  However, the Court never received the version of the complaint he references.  The original Complaint on file at Document 1 was signed July 11, 2023, and Plaintiff does not explain how or why it was post-dated for five weeks after he sent the original Complaint to the prison mailroom.  (Doc. 1, p. 7).

Equitable tolling does not save his claim either.  Under some circumstances, the court may pause the running of a statute of limitations period where a "party has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline." *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).  Equitable tolling is granted "sparingly." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  Plaintiff does not suggest that anyone misled him about his claim, that he attempted to bring his claim in the wrong forum, or that other extenuating

circumstances precluded him from pursuing his claim in a timely manner.  This case does not present one of those extraordinary circumstances where timely suit was impossible.

A plaintiff can plead himself out of court by setting forth factual allegations that establish he is not entitled to relief as a matter of law.  *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Twombly,* 550 U.S. at 555).  Although a plaintiff is not required to anticipate or overcome an affirmative defense based on the statute of limitations, the district court may dismiss the complaint if a plaintiff alleges facts sufficient to establish this defense.  *Id*. (citing *Cancer Fndtn., Inc. v. Cerberus Capital Management, LP,* 559 F.3d 671, 674-75 (7th Cir. 2009)).  The allegations clearly show that Plaintiff brought suit outside of the two-year limitations period.  Consequently, Plaintiff has pleaded himself out of court by setting forth facts that establish his claim is time barred.  *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[A] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal . . . on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads h[im]self out of court by alleging facts that are sufficient to establish the defense.").  Accordingly, Count 1 shall be dismissed with prejudice.

### DISPOSITION

For the reasons set forth above, Defendants Emilio Patino, Blake Mix, and Ariana Groves' Motion for Judgment on the Pleadings (Doc. 42) is **GRANTED**, and **COUNT 1** is **DISMISSED** with prejudice as being time-barred.  Because no other claims remain pending, the entire action is **DISMISSED** with prejudice.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See*

FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 1/13/2025**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**